# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL EVANS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PAUL M. SCHULTZ,<br><br>　　　　　Respondent. | 1:04-cv-5640-AWI-TAG HC<br><br>ORDER REGARDING MISCELLANEOUS<br>MOTIONS FILED BY PETITIONER |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends in his petition that the U.S. Parole Commission has wrongfully used Petitioner's religious and political beliefs as criteria in denying him parole, purportedly in violation of the First Amendment. (Doc. 12, p. 5).

　　　On August 18, 2004, pursuant to an order of this Court, Respondent filed his answer in this case. (Doc. 7). On September 8, 2004, Petitioner filed a reply. (Doc. 8). On August 22, 2005, Petitioner filed Motion to Rule and Notice of Current Warden's Name, requesting a ruling on the merits of the petition because the passage of more than one year since the filing of the reply without a decision by this Court was "unreasonable." (Doc. 10, p. 2).

　　　On December 15, 2005, Petitioner filed a motion to present new evidence in which he sought leave of Court to include as Exhibit 20 a Notice of Action dated November 21, 2005. (Doc. 11). On January 23, 2006, Petitioner filed a motion for judicial notice, arguing that by failing to respond to his request of December 15, 2005, Respondent had conceded the issues raised therein. (Doc. 12). Also on January 23, 2006, Petitioner filed a document entitled "Judicial Complaint" that contends that this Court's failure to immediately rule on his previous

1

motions and to decide his case on the merits forthwith violated his "First Amendment" right to access to the courts. (Doc. 13, p. 1). Petitioner contends that this Court has "stalled" a decision on the merits of his case as a result of "personal bias" by the Court. (Id. at p. 2).

**DISCUSSION**

A.  Motion To Rule And Notice of Current Warden's Name.

Petitioner should be aware that the Court has on its docket many active habeas cases that are awaiting a decision on the merits. The Court issues a ruling on the merits of each case in the order in which the case becomes ready, i.e., when a response and/or a traverse has been filed. Petitioner's case is no exception. In addition to ruling on the merits of the cases, the Court must also screen all new cases, as required by the Anti-Terrorism and Effective Death Penalty Act ("the AEDPA"), to ensure that those cases move forward with properly exhausted claims that have been filed within the time parameters specified by the AEDPA. Moreover, petitioners file numerous motions that must be carefully reviewed, researched, and individually addressed by the Court, a process that is in itself quite time-consuming.

The Court does not have an expedited calendar for selected habeas petitioners. Petitioner is advised that the Court acts to resolve all pending cases in the most efficient manner possible. The Court is aware of Petitioner's time concern, however the docket of pending cases is substantial. A decision on the merits of Petitioner's claims will be issued in due course. Accordingly, that portion of Petitioner's Motion to Rule (Doc. 10), which the Court construes as a request for an expedited decision, will be denied.[1]

B.  Motion to Present New Evidence.

Petitioner has requested leave of Court to supplement his petition with "new" evidence, which consists of a one-page Notice of Action from the U.S. Parole Commission. (Doc. 11, p. 4). In that document, the Parole Commission notified Petitioner that it was advancing his

---

[1] Petitioner also indicates that the current warden of USP Victorville is J.L. Norwood. Pursuant to Federal Rule of Civil Procedure 25(d)(1), when a public officer is replaced, the new officer is automatically substituted as a party. Accordingly, that portion of Petitioner's motion directed to the new warden's name is unnecessary and will be disregarded. However, the Court will direct the Clerk of the Court to change the name of the Respondent from Paul M. Schultz to J.L. Norwood.

1  "presumptive release date" by twelve months. (<u>Id</u>.).  Petitioner contends that this information is
2  relevant to his petition because it "proves that even Respondents have conceded that Evans is not
3  a danger to society...." (Doc. 4, p. 1).
4      A petition for a writ of habeas corpus may be amended or supplemented as provided in
5  the rules of procedure applicable to civil actions.  28 U.S.C. § 2242.  Fed. R. Civ. P. 15(a) may
6  be used to permit the petitioner to amend the petition. Rule 5 of the Rules Governing Section
7  2254 Cases, advisory committee's note; <u>Withrow v. Williams</u>, 507 U.S. 680, 696n.7 (1993). Fed.
8  R. Civ. P. 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time *before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....*

(Emphasis supplied.)

Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings. <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Amendment may be disallowed if the amendment would be futile, such as where the amended matter is duplicative or patently frivolous, or where the pleading presents no new facts but only new theories and provides no satisfactory explanation for failure to fully develop the contentions originally. <u>Ibid</u>. Further, amendment may be prohibited in order to avoid a court's having to entertain piecemeal litigation or collateral proceedings advanced with a purpose to vex, harass, or delay. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1235-1236 (9th Cir. 1984).

Because Respondent has already responded to the petition based on the allegations and evidence previously submitted by Petitioner; amendment may only occur by leave of court. Granting Petitioner's motion could result in Respondent having to file a supplemental response directed to the new evidence.  Accordingly, the Court will require that Respondent submit its opposition, if any, to the motion to present new evidence within thirty (30) days of the date of service of this motion.  The Court will then consider the merits of Petitioner's request for leave

3

to present new evidence under the standards discussed in this section.

    C.  <u>Judicial Notice/Conceded Issues</u>.

Petitioner contends that because Respondent did not oppose his motion to present new evidence, it necessarily follows that Respondent has conceded that Petitioner no longer poses a threat to society. (Doc. 12, p. 1). This is incorrect.

Petitioner's motion merely requests leave to file the Notice of Action as evidence in these proceedings. The evidentiary value, if any, of the proffered Notice of Action has yet to be determined and, in any event, is not presently before the Court since Petitioner has not yet been granted leave to present this "new" evidence. Thus, by not opposing the motion to present new evidence at the time it was first filed, Respondent cannot be deemed to have conceded the issue of whether Petitioner is a threat to society. Accordingly, this motion must be denied.

    D.  <u>Petitioner's Request for Expedited Rulings</u>.

On January 23, 2006, Petitioner filed a document in which Petitioner reminds the Court of the various motions he has filed, requests an immediate ruling on them, and reiterates the equities he contends are at issue in his habeas petition. (Doc. 13). To the extent that Petitioner is requesting a ruling on pending motions, which the Court has now addressed, the request is moot. To the extent that Petitioner is, once again, requesting an expedited ruling on his habeas petition, the Court once again advises Petitioner that it will take up his petition in the order in which it became ready for a decision on the merits and a decision on the merits of Petitioner's claims will be made in due course. Thus, construing this document as a request for an expedited ruling on all pending matters, the request is denied.

**ORDER**

Accordingly, the Court hereby orders as follows:

1. Petitioner's Motion to Rule (Doc. 10), is DENIED;

2. Respondent has thirty (30) days from the date of service of this order to respond, if Respondent desires, to Petitioner's Motion to Present New Evidence (Doc. 11);

3. Petitioner's Judicial Notice/Conceded Issues (Doc. 12), is DENIED;

4. Petitioner's Complaint (Doc. 13), which the Court construes as a request for an

expedited ruling, is DENIED; and,

5. The Clerk of the Court is DIRECTED to change the name of Respondent from Paul Schultz to J.L. Norwood.

IT IS SO ORDERED.

Dated:     **March 3, 2006**                                              **/s/ Theresa A. Goldner**
**j6eb3d**                                                            UNITED STATES MAGISTRATE JUDGE