# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL EVANS,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>PAUL M. SCHULTZ,<br><br>　　　　　　Respondent. | 1:04-cv-5640-AWI-TAG HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO PRESENT NEW EVIDENCE (Doc. 11)<br><br>ORDER EXPANDING RECORD TO INCLUDE NOTICE OF ACTION DATED NOVEMBER 21, 2005<br><br>ORDER PERMITTING RESPONDENT TO FILE SUPPLEMENTAL ANSWER |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends in his petition that the U.S. Parole Commission has wrongfully used Petitioner's religious and political beliefs as criteria in denying him parole, purportedly in violation of the First Amendment. (Doc. 12, p. 5).

　　　On August 18, 2004, pursuant to an order of this Court, Respondent filed his answer in this case. (Doc. 7). On September 8, 2004, Petitioner filed a reply. (Doc. 8). On December 15, 2005, Petitioner filed a motion to present new evidence in which he sought leave of Court to include as Exhibit 20 a Notice of Action dated November 21, 2005. (Doc. 11). In that document, the Parole Commission notified Petitioner that it was advancing his "presumptive release date" by twelve months. (Id.). Petitioner contends that this information is relevant to his petition because it "proves that even Respondents have conceded that Evans is not a danger to society...." (Doc. 4, p. 1).

1  On March 3, 2006, without ruling on Petitioner's motion, the Court issued an Order in
2  which, inter alia, Respondent was requested to indicate whether he objected to Petitioner's
3  motion. (Doc. 14). On March 30, 2006, Respondent filed a reply indicating that he had no
4  objection to the granting of Petitioner's motion as long as Respondent had an opportunity to file
5  a supplemental opposition to the habeas petition "addressing any issues raised by the Notice of
6  Action." (Doc. 15).

**DISCUSSION**

A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition. Rule 5 of the Rules Governing Section 2254 Cases, advisory committee's note; <u>Withrow v. Williams</u>, 507 U.S. 680, 696n.7 (1993). Fed. R. Civ. P. 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time *before a responsive pleading is served* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....*

(Emphasis supplied.)

Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether or not the party has previously amended his pleadings. <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Amendment may be disallowed if the amendment would be futile, such as where the amended matter is duplicative or patently frivolous, or where the pleading presents no new facts but only new theories and provides no satisfactory explanation for failure to fully develop the contentions originally. <u>Ibid</u>. Further, amendment may be prohibited in order to avoid a court's having to entertain piecemeal litigation or collateral proceedings advanced with a purpose to vex, harass, or delay. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1235-1236 (9th Cir. 1984).

Because Respondent has already responded to the petition, amendment may only occur by leave of court. It appears that this is the first proposed amendment by Petitioner of the petition

and that the proffered Notice of Action is not duplicative of other documents already in the record. Respondent does not object to the supplementing of the record as long as he is permitted an opportunity to respond to the "new" evidence. There is no indication that the proposed "new evidence" is being offered in bad faith or with a purpose to vex, harass, or delay. Moreover, any "undue delay" in bringing the motion to amend is mitigated by Respondent's lack of objection and by affording Respondent an opportunity to address any issues raised by the new evidence.

Considering all of those factors, it appears that GOOD CAUSE exists for granting Petitioner's motion and permitting the amendment.

## ORDER

Accordingly, the Court hereby ORDERS as follows:

1. Petitioner's Motion to Present New Evidence (Doc. 11), is GRANTED;

2. The documents filed with and considered as part of the instant petition for writ of habeas corpus are deemed to include the Parole Commission's November 21, 2005 Notice of Action; and,

3. Respondent is GRANTED thirty (30) days from the date of service of this order within which to file a supplemental Answer addressing the issues, if any, raised in the November 21, 2005 Notice of Action.

IT IS SO ORDERED.

Dated:   **April 12, 2006**                           **/s/ Theresa A. Goldner**
**j6eb3d**                                      UNITED STATES MAGISTRATE JUDGE