UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDALL P. EVANS, | ) | 1:04-CV-5640 AWI JMD HC |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | |
| | ) | |
| J.L. NORWOOD, | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

Petitioner is currently in the custody of the Bureau of Prisons. At the time the petition was filed, Petitioner was housed at the United States Penitentiary in Atwater, California. He is currently housed at the United States Penitentiary Victorville in Adelanto, California. He was convicted of racketeering and conspiracy in 1986 and sentenced to 40 years in prison. (Opposition, Ex. 1.)

On April 29, 2004, Petitioner filed the instant petition in this Court. The sole ground presented is that the United States Parole Commission violated Petitioner's First Amendment rights by denying his parole based in part on his religious and political beliefs and activities. (Petition at 3.)

On August 18, 2004, Respondent filed an opposition to the petition.

On September 8, 2004, Petitioner filed a reply to the opposition.

On December 15, 2005, Petitioner filed a motion to present new evidence. Petitioner sought to include the Notice of Action from November 21, 2005, which advanced Petitioner's presumptive release date by 12 months. On April 13, 2006, the Court granted the motion to present new evidence and ordered that the November 21, 2005 Notice of Action be considered as part of the petition for writ of habeas corpus.

On May 16, 2006, Respondent filed a response to the new evidence presented by Petitioner.

On May 30, 2006, Petitioner filed a reply to the response.

## FACTUAL BACKGROUND[1]

Petitioner participated in a 1984 armed robbery as a member of a militant racist and anti-Semitic group known as The Order. The Order was led by Bruce Matthews who believed that the United States government had become dominated by Jews and that a race war was inevitable. The Order's goal was to overthrow the United States government and create a separate white state with a government controlled by white Christians. Petitioner was recruited into The Order because he was a leader in the California Ku Klux Klan.

Petitioner and 22 other members of The Order were convicted in 1986 for engaging in a pattern of racketeering during 1983 and 1984. Petitioner became eligible for parole in 1995. After his initial parole hearing in September 1994, a hearing examiner recommended a presumptive parole date in April 1998. The Regional Commissioner, however, recommended that Petitioner's parole be denied and continued the matter to a reconsideration hearing in September 2009. The National Appeals Board affirmed.

Petitioner then filed a habeas corpus petition challenging the denial of his parole. That petition was dismissed, however, when the Parole Commission reopened Petitioner's case to consider new evidence. Petitioner's new parole hearing took place on November 20, 1995. The Regional Commissioner voted that Petitioner's parole be denied subject to reconsideration in September 2010. The National Commissioners agreed in an order dated January 31, 1996.

---

[1] The factual background, unless otherwise noted, is taken from the Seventh Circuit's unpublished order addressing a previous petition for writ of habeas corpus filed by Petitioner. (Petition, Ex. 2.)

Petitioner moved for reconsideration of the denial and, on July 12, 1996, the full Commission affirmed its prior decision denying parole, but changed the reconsideration date back to September 2009. It also modified the statement of aggravating factors justifying the continued detention of Petitioner. The specific statement justifying his retention, however, was omitted from the reconsideration order. It was later included in the Commission's March 14, 1997 order responding to Petitioner's second motion for reconsideration.

In August 1996, prior to the issuance of the order containing the modified statement of aggravating factors, Petitioner filed a petition for writ of habeas corpus raising several challenges to the decision resulting from the November 20, 1995 hearing. When the government replied to the petition, it argued that several of Petitioner's claims were moot based on the amended statement of aggravating factors that had come out after Petitioner filed his petition. Petitioner responded by submitting a sentence-by-sentence dissection of the amended statement. The magistrate judge denied the petition without commenting on the First Amendment challenge to the amended statement. The district court adopted the magistrate's recommendation. On appeal, the Seventh Circuit declined to address the First Amendment challenge.

On April 7, 1998, Petitioner had a review hearing before the Commission. (Opposition, Ex. 2.) The Commission ordered no change to the previous decision regarding the date of Petitioner's September 2009 reconsideration hearing. (Id., Exs. 2-3.) Petitioner filed an administrative appeal claiming that the amended statement of aggravating factors violated his First Amendment rights. The Commission rejected Petitioner's First Amendment challenge. (Id., Ex. 4.)

On June 6, 2000, the Commission reopened Petitioner's case for a further hearing. (Opposition, Ex. 5.) The Commission again ordered no change to its previous decision regarding the date of Petitioner's reconsideration hearing. (Id., Ex. 6.) Petitioner administratively appealed the decision. On October 19, 2000, the Commission rejected Petitioner's arguments. (Id., Ex. 7.)

Petitioner's next review hearing was held on September 5, 2003. (Id., Ex. 8.) The Commission ordered no change to its previous decision regarding Petitioner's September 2009 reconsideration hearing. (Id., Exs. 8-9.) Petitioner appealed raising his First Amendment claim. The Commission affirmed its previous decision. (Id., Ex. 10.)

**I. Jurisdiction**

A federal prisoner challenging the manner, location, or conditions of a sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the execution of his sentence.  The Court therefore has jurisdiction to hear the instant claim in a habeas petition pursuant to § 2241.

**II.  Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984).  It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court.  See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).  In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." See also Chua Hah Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir. 1978). Because exhaustion is not required by statute, it is not jurisdictional.  Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252.  "Where exhaustion of administrative remedies is not jurisdictional,

U.S. District Court
E. D. California

Jp

4

the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

In this case, Petitioner does not specifically state that he has exhausted his available remedies, however, he attempted to raise his First Amendment challenge in a previous petition for writ of habeas corpus and he raised the issue multiple times during the administrative review process. The Court will therefore address the merits of the petition.

Further, at the time the petition was filed, Petitioner was confined at USP Atwater which is within the Fresno Division of the Eastern District of California. The Court therefore has jurisdiction over the petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); U.S. v. Tamayo, 162 Fed.Appx. 813, 815 (10th Cir. 2006) ("[H]abeas jurisdiction attaches on the initial filing of the § 2241 petition–that is, a prisoner must file his § 2241 motion in the district where he is confined at the time of the filing.").

**III.  Review of Petitioner's Claim**

Petitioner argues that the Commission violated his First Amendment rights by denying his parole based in part on his past and current religious and political beliefs.

The parole guidelines in force at the time the Commission denied Petitioner's parole stated that a prisoner was to be released if he "substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines: (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and (2) that release would not jeopardize the public welfare." 18 U.S.C. § 4206(a) (repeal effective November 1, 2005); see also 28 C.F.R. § 2.18.  In making a parole determination the Commission was to consider all relevant and available information including 1) reports and recommendations from staff of the facility of confinement; 2) official reports of the prisoner's criminal record; 3) presentence investigation reports; 4) recommendations regarding parole made by the sentencing judge; 5) statements made by victims; and 6) reports of physical, mental, or psychiatric examinations of the prisoner.  18 U.S.C. § 4207 (repeal effective November 1, 2005); see also 28 C.F.R. § 2.19.

Here, the statement of aggravating factors set forth in the March 14, 1997 order reads:

> Your actions were part of an overall conspiracy by a racketeering organization to conduct a guerilla-race war against non-white and Jewish persons. The crime in which you personally participated after joining this organization (the Ukiah robbery) evidences your understanding that violent crimes were part of the methods employed by this organization to accomplish its political aims. You have expressed neither remorse nor disavowal of the Order and its goals. Your prior background in such organizations as the Ku Klux Klan, combined with your readiness to use murderous violence in the Ukiah robbery, indicates that you would continue to be a danger to society if released.

(Petition, Ex. 1 at 2.) Petitioner also argues that the October 2, 1998 Notice of Action on Appeal and certain comments made by the Regional Commissioner support his claim that his parole was denied in violation of his First Amendment rights. The relevant portions of the Notice of Action on Appeal read:

> The qualified expressions of remorse offered at your hearing of April 7, 1998, do not convince this Commission that the likelihood of your re-engaging in crimes would be diminished if you were released on parole at this time. . . . [¶] The Commission rejects your argument that you are incarcerated based upon a violation of your First Amendment right to hold such beliefs as you choose. In your case, you have shown your willingness to engage in violent crimes based upon race hatred, a mental condition that appears to persist notwithstanding your lengthy incarceration.

(Petition, Ex. 7.) The Regional Commissioner's comments read in part:

> Subject was a leader in the Southern CA KKK prior to his association with the Ar[y]an Nation Church & then the Order. Mr. Evans doesn't have a long criminal record, but he was significantly involved with right wing groups. He was involved in the Ukiah armed robbery and was planning additional robberies in the fall of 1994, when he was arrested. In the Ukiah he tried to kill a Brinks guard but missed.

(Petition, Ex. 8.)

Violence or other types of potentially expressive activities that produce special harms distinct from their communicative impact are not entitled to constitutional protection. Roberts v. U.S. Jaycees, 468 U.S. 609, 628 (1984); see also N.A.A.C.P. v. Claiborne Hardware Co., 458 U.S. 886, 916 (1982).

The Commission's reference to Petitioner's prior associations and beliefs in denying his parole did not violate his First Amendment rights because the references were made only in the context of the violent acts that stemmed from Petitioner's associations and beliefs. For instance, the March 14 order does mention Petitioner's association with The Order, but only to demonstrate that Petitioner's actions were part of "a guerilla-race war," that he was aware that "violent crimes were part of the methods employed by th[e] organization," and that he had not disavowed the group's

1  goals.  Similarly, the references to Petitioner's association with groups such as the Ku Klux Klan and
2  Aryan Nation Church and to his belief in racial hatred were made in connection with his "readiness
3  to use murderous violence," his "willingness to engage in violent crimes," and his planning and
4  execution of armed robberies.  The Commission's statements, when viewed in context, show that its
5  decisions were based not on Petitioner's beliefs or associations, but rather on his violent actions
6  which were relevant in determining whether his release would jeopardize the public welfare.

7        The evidence submitted by Petitioner in his motion to present new evidence does not affect
8  the Court's analysis of his First Amendment claim.  (See Motion to Present New Evidence, Ex. 1.)
9  The advancement referred to in the exhibit was based on Petitioner's superior program achievement
10 while incarcerated, not on an assessment of whether Petitioner's release would jeopardize the public
11 welfare.  Id.; see 28 C.F.R. § 2.14(a)(2)(ii); 28 C.F.R. § 2.60.

12 **RECOMMENDATION**

13       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
14 DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for
15 Respondent.

16       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
17 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
18 of the Local Rules of Practice for the United States District Court, Eastern District of California.
19 Within thirty (30) days after being served with a copy, any party may file written objections with the
20 court and serve a copy on all parties.  Such a document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
22 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
23 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
24 parties are advised that failure to file objections within the specified time may waive the right to
25 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
26 IT IS SO ORDERED.
27 **Dated:   June 9, 2008**               **/s/ John M. Dixon**
                                            UNITED STATES MAGISTRATE JUDGE
28