# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL P. EVANS,<br><br>    Petitioner,<br><br>    v.<br><br>J.L. NORWOOD,<br><br>    Respondent. | 1:04-CV-5640 AWI JMD HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(DOCUMENT #33) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On April 29, 2004, Petitioner filed the instant petition. The only claim presented was that the United States Parole Commission improperly considered Petitioner's religious and political beliefs in denying his parole, in violation of the First Amendment. (Petition at 3.) On December 15, 2005, Petitioner filed a motion to present new evidence. (Court Doc. 11.) The new evidence was a Notice of Action from November 21, 2005 which allegedly advanced Petitioner's presumptive release date based on superior program achievement. (Court Doc. 11, Ex. 1.) Petitioner claimed that the Notice of Action proved that Respondent did not view him as a danger to society and that he was denied parole based solely on his beliefs. (Court Doc. 11 at 1-2.) On April 13, 2006, the Court granted Petitioner's motion to present new evidence, expanding the record to include the Notice of Action. (Court Doc. 16.)

On August 4, 2008, the Court issued an order adopting the Findings and Recommendation issued on June 9, 2008, which recommended that Petitioner's First Amendment claim be denied with prejudice. (Court Docs. 26, 29.) The clerk entered judgment in favor of Respondent. (Court Doc. 30.)

On September 2, 2008, Petitioner filed a motion seeking reconsideration of the Court's denial of his petition. (Court Doc. 33.) Petitioner claims that the Court failed to address the "second issue" of whether Petitioner was entitled to twelve months off of his sentence based on superior program achievement. The Court, however, in the order granting the motion to present new evidence, only ordered that the record would be expanded to include the Notice of Action because it related to Petitioner's First Amendment claim. The Court did not permit Petitioner to amend the petition by adding a new substantive claim. Petitioner's motion for reconsideration is therefore denied, as the Findings and Recommendation properly considered the Notice of Action only as it related to the First Amendment claim. Court Doc. 26 at 7; see Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (finding that claims were not properly presented for review when they were first raised in a traverse, which was only meant to allow the presentation of additional argument and legal authority, instead of in an amended petition or a statement of additional grounds).

IT IS SO ORDERED.

**Dated:   September 9, 2008           /s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE